**FILED** LAL

JUN 1 7 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JH

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JASON MACHIELA, individually and on behalf of all others similarly situated, | ) ) ) **05C 3562** ) |
| Plaintiff, | ) Case No. |
| v. | ) ) JUDGE AMY ST. EVE |
| TRIZEC HOLDINGS, INC. d/b/a TWO NORTH LASALLE STREET, | ) ) ) MAGISTRATE JUDGE NOLAN |
| Defendant. | ) ) |

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff Jason Machiela brings this action, individually and on behalf of all others similarly situated, against Defendant Trizec Holdings, Inc. d/b/a Two North LaSalle Street for its violation of the Electronic Funds Transfer Act ("EFTA") and its accompanying regulations, 12 C.F.R. § 205 *et seq.*, ("Regulation E"), in charging Plaintiff and the class members a transaction fee for use of Defendant's automated teller machine without providing one of the two statutorily required notices of such fee. More specifically, Defendant failed to display a notice of such fee on the outside of that automated teller machine.

2. EFTA provides for, among other things, the timing and substance of specified disclosures to be given by operators of automated teller machines ("ATMs") to users of ATMs.

3. EFTA, 15 U.S.C. § 1693b(d)(3)(A), and its implementing regulation, 12 C.F.R. § 205.16(b), require an ATM operator who imposes a fee on a consumer for "host transfer services" (an electronic fund transfer or balance inquiry) to provide to the consumer with notice

of such fee on the outside of the ATM in addition to providing a second notice of such fee on the ATM screen. Both notices are to be conspicuously displayed.

4. 15 U.S.C. § 1693b(d)(3)(B)(i), and its implementing regulation, 12 C.F.R. § 205.16(c)(1), provide that the notice required under § 1693b(d)(3)(A) and 12 C.F.R. § 205.16(b), with respect to any fee described therein, shall appear prominently on the outside of the machine.

5. 15 U.S.C. § 1693b(d)(3)(B) states:

> (B) Notice requirements
>
> (i) On the machine The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph **shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer**; [and]
>
> (ii) On the screen The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction, except that during the period beginning on November 12, 1999, and ending on December 31, 2004, this clause shall not apply to any automated teller machine that lacks the technical capability to disclose the notice on the screen or to issue a paper notice after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction.

(Emphasis added).

6. Implementing regulation, 12 C.F.R. § 205.16(c) states that in order to comply, an automated teller machine operator must:

> (1) On the machine. Post the notice required by paragraph (b)(1) of this section in a prominent and conspicuous location on or at the automated teller machine; and

2

> (2) Screen or paper notice. Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

(Emphasis added.)

7. 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), provide that no fee may be imposed by an ATM operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required unless the consumer receives such notice in accordance with the foregoing statutes and regulations.

8. Specifically, 15 U.S.C. § 1693b(d)(3)(C) states in relevant part:

> (C) Prohibition on fees not properly disclosed and explicitly assumed by consumer. **No fee may be imposed** by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), **unless** — (i) the consumer receives such notice in accordance with subparagraph (B).

(Emphasis added.)

9. This case is brought under the EFTA based upon the fact that the Defendant imposed a fee without providing any notice whatsoever on the outside of the ATM, in accordance with 15 U.S.C. § 1693b(d)(3)(B)(i) and 12 C.F.R. § 205.16(c)(1).

***Jurisdiction and Venue***

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.* and the implementing Federal Reserve Board Regulation E, 12 C.F.R. § 205.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## *The Parties*

12. Jason Machiela is a resident of Indiana that works in this district.

13. Trizec Holdings, Inc. d/b/a Two North LaSalle Street is a Delaware corporation that conducts business in Illinois.

14. Trizec Holdings, Inc. is a Automated teller machine operator, as that term is defined by 12 § 205.16(a), which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made."

## *Facts*

15. In May 2005, Plaintiff used Defendant's automated teller machine, ("ATM"), located at 2 North LaSalle Street, Chicago, Illinois, to withdraw money. *See* **Exhibit A**.

16. At the time Plaintiff used the ATM, the owner and operator of the ATM was Trizec Holdings, Inc.

17. At all times during the class period and at the time the Plaintiff used the ATM, there was no notice on the outside of Defendant's ATM that indicated that any fee would be charged for its use, as required by 15 U.S.C. § 1693b(d)(3)(B)(i).

18. Despite the lack of posted notice, Plaintiff and all members of the proposed class were charged a $2.00 fee for use of the machine. *See* **Exhibit A**.

19. On information and belief, Trizec Holdings, Inc. owns and operates this ATM.

4

## COUNT I
*Violation of 15 U.S.C. § 1693 et seq.
and 12 C.F.R. § 205, et seq.*

20. Plaintiff realleges the allegations contained in paragraphs 1 through 19 of this Complaint.

21. Plaintiff brings this action against Defendant on behalf of themselves and a class of similarly situated persons who: 1) were charged a "transaction fee" for the use of the ATM machine, located at 2 North LaSalle Street in Chicago, Illinois; 2) when no "transaction fee" amount was posted on the outside of that ATM machine.

**Class Action Allegations**

22. Under Rule 23 of the Federal Rules of Civil Procedure, a class action is appropriate and preferable in this action because the class consists of thousands of persons and is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable. Plaintiff does not know of the approximate number of class members because such information is in the exclusive control of Defendant.

23. Under Rule 23 of the Federal Rules of Civil Procedure, a class action is appropriate and preferable in this action because there are questions of law and fact common to the class that predominate over any questions affecting only individual class members, including:

    (a)  Whether under 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, the Defendant was, at all relevant times during the class period, an automated teller machine operator who imposed a fee on consumers for providing host transfer services to those consumers; and

    (b)  Whether Defendant complied, at all relevant times during the class period, with the notice requirements of 15 U.S.C. § 1693b(d)(3)(B) and 12 C.F.R. 205.16.

24. Under Rule 23 of the Federal Rules of Civil Procedure, a class action is appropriate and preferable in this action because the Plaintiff's claims are typical of the claims of

5

the proposed class. The facts that show the claims advanced by Plaintiff are typical of the claims of each member of the class are as follows:

      (a)    Plaintiff and all members of the proposed class used a Trizec Holdings, Inc.-operated ATM.

      (b)    To the extent those ATMs did not properly provide notice as required by the express language of 15 U.S.C. § 1693b(d)(3)(B) and 12 C.F.R. § 205.16, the fee would be unauthorized and subject to disgorgement, making the circumstances of the class members identical to those of Plaintiff.

25.    Under Rule 23 of the Federal Rules of Civil Procedure, a class action is appropriate and preferable in this action because the Plaintiff has hired counsel able and experienced in class action litigation and because the Plaintiff herself will fairly and adequately protect the interests of the class.

26.    Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

27.    Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because there would be enormous economies to the court and the parties in litigating the common issues on a class-wide basis instead of a repetitive individual basis.

28.    Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because the size of each proposed class member's claim for actual damages is too small to make individual litigation an economically viable alternative.

29.    Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because class treatment is desirable for optimal deterrent effect, compensation for wrongdoing, and for limiting court-awarded reasonable legal expenses incurred.

30. Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because, despite the relatively small size of the individual claims, their aggregate value, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation.

31. Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because no unusual difficulties will likely be encountered in the management of this class in that all questions of law or fact to be litigated at the liability stage are common to the class and all compensatory relief issues are concomitant with the liability finding and can be calculated by automated and objective means.

## Substantive Violation

32. 15 U.S.C. § 1693b(d)(3)(A) provides that any automated teller machine operator who imposes a fee on any consumer for providing host transfer services to such consumer must provide notice in accordance with subparagraph (B) of that section to the consumer (at the time the service is provided) of:

> (i) the fact that a fee is imposed by such operator for providing the service; and
>
> (ii) the amount of any such fee.

33. Subparagraph (B) of 15 U.S.C. § 1693b(d)(3) provides in relevant part as follows:

> (B) Notice Requirements.
>
> (i) **On the machine**. The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

(Emphasis added).

7

34. Subparagraph (C) of § 1693b(d)(3) provides as follows:

 (C) Prohibition on fees not properly disclosed and explicitly assumed by consumer. **No fee may be imposed** by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), **unless**:

 (i) **the consumer receives such notice in accordance with subparagraph (B)**; and (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

(Emphasis added)

35. 12 C.F.R. § 205.16(b) reads as follows:

 (b) General. An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:

 (1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and

 (2) Disclose the amount of the fee.

36. 12 C.F.R. § 205.16(c) reads in relevant part as follows:

 (c) Notice requirement. An automated teller machine operator must comply with the following:

 (1) On the machine. Post the notice required by paragraph (b)(1) of this section in a prominent and conspicuous location on or at the automated teller machine;

37. 12 C.F.R. § 205.16(e) reads as follows:

 (e) Imposition of fee. An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer of a balance inquiry _only if_:

 (1) The consumer is provided the notices required under paragraph (c) of this section, and

 (2) The consumer elects to continue the transaction or inquiry after receiving such notices.

(Emphasis added).

8

38. Under EFTA and Regulation E, Defendant is an automated teller machine operator who provided host transfer services at all relevant times to this action.

39. Defendant failed to comply with the notice requirements of EFTA and Regulation E in connection with providing such services to Plaintiff and all proposed class members.

40. Under EFTA and Regulation E, Defendant was prohibited from imposing any fee for providing host transfer services because Defendant failed to provide the proper notice required under EFTA and Regulation E.

41. Instead, Defendant posted no notice indicating that a fee would be charged, in violation of 15 U.S.C. § 1693b(d)(3)(B).

42. Plaintiff and all proposed class members have suffered damages as a result of Defendant's violations of EFTA and Regulation E in that they were charged a fee that Defendant was not authorized to impose as such fee was not properly disclosed in compliance with the EFTA and Regulation E.

43. 15 U.S.C. § 1693m provides that Defendant shall be liable to Plaintiff and all proposed class members for violations of 15 U.S.C. § 1693 *et seq.* in the amount of actual damages incurred, statutory damages, and the costs of bringing this action, together with reasonable attorneys' fees as determined by the court.

44. In this case, the entire amount of the improperly disclosed transaction fees charged to the class should be disgorged, the value of which can be easily determined by a ministerial review of the Defendant's records.

WHEREFORE, Plaintiff and the proposed class members respectfully request that this Court grant the following relief:

(A) Enter a judgment declaring that the acts and practices of Defendant complained of herein are in violation of EFTA and Regulation E;

(B) Enjoin Defendant from continuing to charge a fee for the use of ATMs without notification, as required by the EFTA and Regulation E, by requiring the Defendant to immediately check all ATMs it currently uses and correcting the signage;

(C) Award statutory damages to Plaintiff and the class members as set forth in EFTA and Regulation E;

(D) Award Plaintiff all his reasonable costs and fees in bringing this action; and

(E) Grant Plaintiff and the class members such other and further relief as this Court finds just and proper.

Respectfully submitted,

By: _____
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930

# EXHIBIT A

```
052605  1204PM  AS0216
XXXXXXXXXXXX1513

2 N. LASALLE ST
CHICAGO       IL
                 SEQ#1799
WITHDRAWAL    $42.00
FROM CHECKING 101
ATM SYSTEMS
ATM OWNER FEE  $2.00
DISPENSED     $40.00
BALANCE    $1,544.38
```