IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON MACHIELA, individually and on behalf of all others similarly situated, | |
| Plaintiff, | No. 05 C 3562 |
| v. | Judge Amy J. St. Eve |
| TRIZEC HOLDINGS, INC. d/b/a TWO NORTH LASALLE STREET, | Magistrate Judge Nan R. Nolan |
| Defendant. | |

## DEFENDANT'S ANSWER TO THE COMPLAINT

Defendant Trizec Holdings, Inc. d/b/a Two North LaSalle Street, answers plaintiff's complaint as follows:

### Introduction

1. Plaintiff Jason Machiela brings this action, individually and on behalf of all others similarly situated, against Defendant Trizec Holdings, Inc, d/b/a Two North LaSalle Street for its violation of the Electronic Funds Transfer Act ("EFTA") and its accompanying regulations, 12 C.F.R. § 205 *et seq.*, ("Regulation E"), in charging Plaintiff and the class members a transaction fee for use of Defendant's automated teller machine without providing one of the two statutorily required notices of such fee. More specifically, Defendant failed to display a notice of such fee on the outside of that automated teller machine.

**ANSWER:** Defendant, upon information and belief, denies the allegations of paragraph 1, except that Defendant admits that plaintiff brought this action, individually and on behalf of similarly situated others, against Defendant Trizec Holdings, Inc, d/b/a Two North LaSalle Street alleging a violation of the Electronic Funds Transfer Act ("EFTA") and its accompanying regulations.

2. EFTA provides for, among other things, the timing and substance of specified disclosures to be given by operators of automated teller machines ("ATMs") to users of ATMs.

**ANSWER:** Defendant admits that EFTA has provisions regulating automated teller machines ("ATM" or "ATMs").

3. EFTA, 15 U.S.C. § 1693b(d)(3)(A), and its implementing regulation, 12 C.F.R. § 205.16(b), require an ATM operator who imposes a fee on a consumer for "host transfer services" (an electronic fund transfer or balance inquiry) to provide to the consumer with notice of such fee on the outside of the ATM in addition to providing a second notice of such fee on the ATM screen. Both notices are to be conspicuously displayed.

**ANSWER:** Defendant admits that EFTA and its implementing regulations have provisions regulating automated teller machines. Answering further, defendant states that paragraph 3 sets forth conclusions of law to which an answer is neither required nor appropriate.

4. 15 U.S.C. § 1693b(d)(3)(B)(i), And its implementing regulation, 12 C.F.R. § 205.16(c)(1), provide that the notice required under § 1693b(d)(3)(A) and 12 C.F.R. § 205.16(b), with respect to any fee described therein, shall appear prominently on the outside of the machine.

**ANSWER:** Defendant admits that EFTA and its implementing regulations have provisions regulating automated teller machines. Answering further, defendant states that paragraph 4 sets forth conclusions of law to which an answer is neither required nor appropriate.

5. 15 U.S.C. § 1693b(d)(3)(B) states:

   (B) Notice requirements

   (i) <u>On the machine</u> The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph **shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer**; [and]

   (ii) <u>On the screen</u> The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the scream of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction, except that during the period beginning on November 12, 1999, and ending on December 31, 2004, this clause shall not apply to any automated teller machine that lacks the technical capability to disclose the notice on

>   the screen or to issue a paper notice after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction.
>
> (Emphasis added).

**ANSWER:** Defendant admits that paragraph 5 quotes 15 U.S.C. § 1693b(d)(3)(B). Answering further, defendant states that paragraph 5 sets forth conclusions of law to which an answer is neither required nor appropriate.

6. Implementing regulation, 12 C.F.R. § 205.16(c) states that in order to comply, an automated teller machine operator must:

    (1) On the machine. Post the notice required by paragraph (b)(1) of this section in a prominent and conspicuous location on or at the automated teller machine; <u>and</u>

    (2) Screen or paper notice. Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

    (Emphasis added.)

**ANSWER:** Defendant admits that paragraph 6 quotes 12 C.F.R. § 205.16(c). Answering further, defendant states that paragraph 6 sets forth conclusions of law to which an answer is neither required nor appropriate.

7. 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), provide that no fee may be imposed by an ATM operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required unless the consumer receives such notice in accordance with the foregoing statutes and regulations.

**ANSWER:** Defendant admits that EFTA and its implementing regulations have provisions regulating automated teller machines. Answering further, defendant states that paragraph 7 sets forth conclusions of law to which an answer is neither required nor appropriate.

8. Specifically, 15 U.S.C. § 1693b(d)(3)(C) states in relevant part:

    (C) Prohibition on fees not properly disclosed and explicitly assumed by consumer. **No fee may be imposed** by any automated teller machine

> operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), **unless** -
> (i) the consumer receives such notice in accordance with subparagraph (B).

(Emphasis added.)

**ANSWER:** Defendant admits that paragraph 8 quotes 15 U.S.C. § 1693b(d)(3)(C). Answering further, defendant states that paragraph 8 sets forth conclusions of law to which an answer is neither required nor appropriate.

9. This case is brought under the EFTA based upon the fact that the Defendant imposed a fee without providing any notice whatsoever on the outside of the ATM, in accordance with 15 U.S.C. § 1693b(d)(3)(B)(i) and 12 C.F.R. § 205.16(c)(1).

**ANSWER:** Upon information and belief, Defendant denies the allegations of paragraph 9, except that Defendant admits that this case was filed under EFTA.

### *Jurisdiction and Venue*

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Electronic Fund Transfers Act, 15 U.S.C. § 1693 et seq. and the implementing Federal Reserve Board Regulation E, 12 C.F.R. § 205.

**ANSWER:** Defendant admits the allegations of paragraph 10.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**ANSWER:** Defendant admits the allegations of paragraph 11.

### *The Parties*

12. Jason Machiela is a resident of Indiana that works in this district.

**ANSWER:** Defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph 12.

13. Trizec Holdings, Inc. d/b/a Two North LaSalle Street is a Delaware corporation that conducts business in Illinois.

4

**ANSWER:** Defendant admits that Trizec Holdings, LLC d/b/a Two North LaSalle Street is a Delaware corporation that conducts business in Illinois. Defendant denies that Trizec Holding, Inc. exists.

14. Trizec Holdings, Inc. is a Automated teller machine operator, as that term is defined by 12 § 205.16(a), which states; "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made."

**ANSWER:** Defendant denies the allegations of paragraph 14, except that Defendant admits that paragraph 14 quotes 12 C.F.R. § 205.16(a).

## FACTS

15. In May 2005, Plaintiff used Defendant's automated teller machine, ("ATM"), located at 2 North LaSalle Street, Chicago, Illinois, to withdraw money. See Exhibit A.

**ANSWER:** Defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph 15.

16. At the time Plaintiff used the ATM, the owner and operator of the ATM was Trizec Holdings, Inc.

**ANSWER:** Defendant denies the allegations of paragraph 16.

17. At all times during the class period and at the time the Plaintiff used the ATM, there was no notice on the outside of Defendant's ATM that indicated that any fee would be charged for its use, as required by 15 U.S.C. § 1693b(d)(3)(B)(i).

**ANSWER:** Defendant, upon information and belief, denies the allegations of paragraph 17.

18. Despite the lack of posted notice, Plaintiff and all members of the proposed class were charged a $2.00 fee for use of the machine. See Exhibit A.

**ANSWER:** Defendant, upon information and belief, denies the allegations of paragraph 18, except that Defendant lacks sufficient information to form a belief as to whether plaintiff and all members of the proposed class were charged a $2.00 fee for use of the machine.

5

19. On information and belief, Trizec Holdings, Inc. owns and operates this ATM.

**ANSWER:** Defendant denies the allegations of paragraph 19.

## COUNT I

### *Violation of 15 U.S.C. § 1693 et seq. and 12 C.F.R. § 205, et seq.*

20. Plaintiff realleges the allegations contained in paragraphs 1 through 19 of this Complaint.

**ANSWER:** Defendant incorporates its answers to paragraphs 1-19 as though fully set forth herein.

21. Plaintiff brings this action against Defendant on behalf of themselves and a class of similarly situated persons who: 1) were charged a "transaction fee" for the use of the ATM machine, located at 2 North LaSalle Street in Chicago, Illinois; 2) when no "transaction fee" amount was posted on the outside of that ATM machine.

**ANSWER:** Defendant, upon information and belief, denies the allegation that no notice was posted on the outside of the machine, except that Defendant admits that plaintiff brought this action against Defendant on behalf of himself and other similarly situated persons. Defendant lacks sufficient information to form a belief as to the remaining allegations of paragraph 21.

### CLASS ACTION ALLEGATIONS

22. Under Rule 23 of the Federal Ruses of Civil Procedure, a class action is appropriate and preferable in this action because the class consists of thousands of persons and is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable. Plaintiff does not know of the approximate number of class members because such information is in the exclusive control of Defendant.

**ANSWER:** Defendant denies that class relief is appropriate and therefore denies the allegations of paragraph 22.

23. Under Rule 23 of the Federal Rules of Civil Procedure, a class action is appropriate and preferable in this action because there are questions of law and fact common to the class that predominate over any questions affecting only individual class members, including:

6

(a) Whether under 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, the Defendant was, at all relevant times during the class period, an automated teller machine operator who imposed a fee on consumers for providing host transfer services to those consumers; and

(b) Whether Defendant complied, at all relevant times during the class period, with the notice requirements of 15 U.S.C. § 1693b(d)(3)(B) and 12 C.F.R. 205.16.

**ANSWER:** Defendant denies that class relief is appropriate and therefore denies the allegations of paragraph 23.

24. Under Rule 23 of the Federal Rules of Civil Procedure, a class action is appropriate and preferable in this action because the Plaintiff's claims are typical of the claims of the proposed class. The facts that show the claims advanced by Plaintiff are typical of the claims of each member of the class are as follows:

(a) Plaintiff and all members of the proposed class used a Trizec Holdings, Inc. - operated ATM.

(b) To the extent those ATMs did not properly provide notice as required by the express language of 15 U.S.C. § 1693b(d)(3)(B) and 12 C.F.R. § 205.16, the fee would be unauthorized and subject to disgorgement, making the circumstances of the class members identical to those of Plaintiff.

**ANSWER:** Defendant denies that class relief is appropriate and therefore denies the allegations of paragraph 24.

25. Under Rule 23 of the federal Rules of Civil Procedure, a class action is appropriate and preferable in this action because the Plaintiff has hired counsel able and experienced in class action litigation and because the Plaintiff herself will fairly and adequately protect the interests of the class.

**ANSWER:** Defendant denies that class relief is appropriate and therefore denies the allegations of paragraph 25.

26. Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

**ANSWER:** Defendant denies that class certification is appropriate and therefore denies the allegations of paragraph 26.

27. Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because there would be enormous economies to the court and the parties in litigating the common issues on a class-wide basis instead of a repetitive individual basis.

**ANSWER:** Defendant denies that class certification is appropriate and therefore denies the allegations of paragraph 27.

28. Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because the size of each proposed class member's claim for actual damages is too small to make individual litigation an economically viable alternative.

**ANSWER:** Defendant denies that class certification is appropriate and therefore denies the allegations of paragraph 28.

29. Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because class treatment is desirable for optimal deterrent effect, compensation for wrongdoing, and for limiting court-awarded reasonable legal expenses incurred.

**ANSWER:** Defendant denies that class certification is appropriate and therefore denies the allegations of paragraph 29.

30. Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because, despite the relatively small size of the individual claims, their aggregate value, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation.

**ANSWER:** Defendant denies that class certification is appropriate and therefore denies the allegations of paragraph 30

31. Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because no unusual difficulties will likely be encountered in the management of this class in that all questions of law or fact to be litigated at the liability stage are common to the class and all compensatory relief issues are

concomitant with the liability finding and can be calculated by automated and objective means.

**ANSWER:** Defendant denies that class certification is appropriate and therefore denies the allegations of paragraph 31.

### SUBSTANTIVE VIOLATION

32. 15 U.S.C. § 1693b(d)(3)(A) provides that any automated teller machine operator who imposes a fee on any consumer for providing host transfer services to such consumer must provide notice in accordance with subparagraph (B) of that section to the consumer (at the time the service is provided) of:

    (i) the fact that a fee is imposed by such operator for providing the service; and

    (ii) the amount of any such fee.

**ANSWER:** Defendant admits that paragraph 32 quotes provisions of 15 U.S.C. § 1693b(d)(3)(A), except that Defendant denies any characterization and interpretation of that statute in paragraph 32.

33. Subparagraph (B) of 15 U.S.C. § 1693b(d)(3) provides in relevant part as follows:

    (B) Notice Requirements.

       (i) **On the machine.** The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic end transfer is initiated by the consumer.

    (Emphasis added).

**ANSWER:** Defendant admits that paragraph 33 quotes 15 U.S.C. § 1693b(d)(3)(B)(i).

34. Subparagraph (C) of § 1693b(d)(3) provides as follows:

    (C) Prohibition on fees not properly disclosed and explicitly assumed by consumer. **No fee may imposed** by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), **unless**:

       (i) **the consumer receives such notice in accordance with subparagraph (B)**; and (ii) the consumer elects to continue in the

9

> manner necessary to effect the transaction after receiving such notice.

(Emphasis added)

**ANSWER:** Defendant admits that paragraph 34 quotes 15 U.S.C. § 1693b(d)(3)(C).

35. 12 C.F.R. § 205.16(b) reads as follows:

> (b) General. An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:
>
> (1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and
>
> (2) Disclose the amount of the fee.

**ANSWER:** Defendant admits that paragraph 35 quotes 12 C.F.R. § 205.16(b).

36. 12 C.F.R. § 205.16(c) reads in relevant part as follows:

> (c) Notice requirement. An automated teller machine operator must comply with the following:
>
> (1) On the machine. Post the notice required by paragraph (b)(1) of this section in a prominent and conspicuous location on or at the automated teller machine;

**ANSWER:** Defendant admits that paragraph 36 quotes 12 C.F.R. § 205.16(c).

37. 12 C.F.R. § 205.16(e) reads as follows:

> (e) Imposition of fee. An automated teller machine operator may impose a fee on a consumer for initiating an electronic find transfer of a balance inquiry only if:
>
> (1) The consumer is provided the notices required under paragraph (c) of this section, and
>
> (2) The consumer elects to continue the transaction or inquiry after receiving such notices.

(Emphasis added).

**ANSWER:** Defendant admits that paragraph 37 quotes 12 C.F.R. § 205.16(e).

38. Under EFTA and Regulation E, Defendant is an automated teller machine operator who provided host transfer services at all relevant times to this action.

**ANSWER:** Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 38.

39. Defendant failed to comply with the notice requirements of EFTA and Regulation E in connection with providing such services to Plaintiff and all proposed class members.

**ANSWER:** Defendant, upon information and belief, denies the allegations of paragraph 39.

40. Under EFTA and Regulation E, Defendant was prohibited from imposing any fee for providing host transfer services because Defendant failed to provide the proper notice required under EFTA and Regulation E.

**ANSWER:** Defendant, upon information and belief, denies the allegations of paragraph 40.

41. Instead, Defendant posted no notice indicating that a fee would be charged, in violation of 15 U.S.C. § 1693b(d)(3)(B).

**ANSWER:** Defendant, upon information and belief, denies the allegations of paragraph 41.

42. Plaintiff and all proposed class members have suffered damages as a result of Defendant's violations of EFTA and Regulation E in that they were charged a fee that Defendant was not authorized to impose as such fee was not properly disclosed in compliance with the EFTA and Regulation E.

**ANSWER:** Defendant, upon information and belief, denies the allegations of paragraph 42.

43. 15 U.S.C. § 1693m provides that Defendant shall be liable to Plaintiff and all proposed class members for violations of 15 U.S.C. § 1693 et seq. in the amount of actual damages incurred, statutory damages, and the costs of bringing this action, together with reasonable attorneys' fees as determined by the court.

**ANSWER:** Defendant denies the allegations of paragraph 43.

44. In this case, the entire amount of the improperly disclosed transaction fees charged to the class should be disgorged, the value of which can be easily determined by a ministerial review of the Defendant's records.

**ANSWER:** Defendant denies the allegation that any transaction fees should be disgorged. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 44.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### Good Faith Compliance/Unintentional Violation

1. EFTA and its implementing regulations provide that no liability shall be imposed under the statutes or regulations if the person or entity made a "good faith" attempt to comply with the statute and regulations.

2. The ATM owner, upon information and belief, has policies and procedures that include placing fee notice stickers on ATMs.

3. The ATM owner, upon information and belief, followed this procedure with regard to the ATM located at 2 North LaSalle Street in Chicago, Illinois.

4. The ATM owner, upon information and belief, provided a fee notice sticker to the installer of the ATM.

5. That fee notice sticker, upon information and belief, was applied when the ATM was installed at 2 North LaSalle Street in Chicago, Illinois, in May 2001.

6. The fee notice sticker, upon information and belief, was still on the ATM through at least December 2004 and probably remained through May 2005.

7. The fee notice sticker, upon information and belief, was improperly removed by persons unknown sometime before the plaintiff used the ATM machine.

8. Regardless of the presence of any fee notice sticker, the ATM in question still notifies any user of all fees that may be assessed for any transactions.

9. The ATM clearly and conspicuously notifies the user of the fees for the particular transaction chosen by providing the following message on the screen: "This ATM Systems terminal may charge a $2.00 fee for a cash withdrawal to U.S. cardholders. This fee is in

addition to any fees that may be assessed by your financial institution. Do you wish to continue?"

10. After displaying the fee notice message, the ATM then requires the user to either press the "Yes" or "No" buttons to proceed further.

11. Because of the clear notice on the screen and the required acceptance or denial, no user of the ATM was unaware of the fee charged.

12. The ATM, upon information and belief, displayed this message to plaintiff, apprising plaintiff of the fee, and plaintiff chose to proceed with the transaction by pressing "Yes."

13. The presence of a fee notice sticker on the outside of the ATM was not necessary to provide full notice to any user, including the plaintiff.

14. Because of the clear and conspicuous screen notice, neither plaintiff, nor any putative class member, was harmed by the temporary absence of any fee notice sticker on the outside of the ATM.

15. The ATM owner made a "good faith" attempt to comply with the provisions of the statute and regulations through its policies and practices, by including a fee notice sticker in the installation materials, by placing a fee notice sticker on the ATM, and by providing notice of the fees, clearly and conspicuously, on the screen of the ATM.

## Second Affirmative Defense

### Exception for Damaged Notices

1. The EFTA and its implementing regulations provide that no liability shall be imposed under the act if the notice required by section 1693b(d)(3)(B)(i) of the EFTA was

posted and was subsequently removed, damaged, or altered by any person other than the operator.

2. The ATM owner, upon information and belief, has policies and procedures that include placing fee notice stickers on ATMs.

3. The ATM owner, upon information and belief, followed this procedure with regard to the ATM located at 2 North LaSalle Street in Chicago, Illinois.

4. The ATM owner, upon information and belief, provided a fee notice sticker to the installer of the ATM.

5. That fee notice sticker, upon information and belief, was applied when the ATM was installed at 2 North LaSalle Street in Chicago, Illinois, in May 2001.

6. The fee notice sticker, upon information and belief, was still on the ATM through at least December 2004 and probably remained through May 2005.

7. The fee notice sticker, upon information and belief, was improperly removed or damaged by persons unknown sometime before the plaintiff used the ATM machine on May 25, 2005.

8. Because the notice was properly placed on the ATM machine and was subsequently removed by persons other than the operator, no liability may be imposed upon the Defendant under the EFTA.

WHEREFORE, judgment should be granted in favor of Defendant Trizec Holdings, Inc., and this court should award reasonable attorneys fees under 15 U.S.C. § 1693m(f), as this action lacks merit and was brought in bad faith or for the purpose of harassment.

DEFENDANT TRIZEC HOLDINGS, INC.
d/b/a TWO NORTH LASALLE STREET,

By: _____
     One of its attorneys

Christopher J. Murdoch
Matthew I. Farmer
Holland & Knight LLP
131 S. Dearborn St., 30th Flr.
Chicago, Illinois 60603
(312) 263-3600 (telephone)

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing **Defendant's Answer to the Complaint** was served on August 1, 2005 via hand delivery upon:

> Lance A. Raphael
> Stacey M. Bardo
> Allison A. Krumhorn
> The Consumer Advocacy Center, P.C.
> 180 West Washington, Suite 700
> Chicago, Illinois 60602

_____
Christopher J. Murdoch

Date: August 1, 2005

# 3092978_v1